IN THE UNITED STATES DISTRICT COURT
FO R THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV515-MU

| | | |
|---|---|---|
| INNOVATIVE MULTIMEDIA SOLUTIONS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| ARTHUR D. SULIT, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon the *pro se* Defendant's Motion to Dismiss or Change Venue, filed April 10, 2006. The Plaintiff has responded and this matter has been fully briefed.

Plaintiff Innovative Multimedia Solutions maintains a business office in Charlotte, North Carolina. (Complaint, ¶ 5). Plaintiff alleges Defendant Sulit, a resident of California, worked for the Plaintiff in its Charlotte office as a software programmer for approximately two months. (Complaint, ¶¶ 5, 6 18). Plaintiff owns a copyright to the internet website www.easyringtonemaker.com. (Complaint ¶ 8). Plaintiff alleges it is the sole owner of the software code and Graphical User Interface ("GUI") used on its website. Id. Plaintiff alleges that during his period of employment, the Defendant Sulit had access to the software code for Plaintiff's GUI used on its website, and upon termination of his employment, took copies of the Plaintiff's software code and GUI. (Complaint ¶ 20). Plaintiff alleges Defendant Sulit then published his own website which incorporated large quantities of copyrighted material from Plaintiff's website. (Complaint ¶ 12).

1

Plaintiff filed this lawsuit alleging copyright infringement as well as state claims for conversion and unfair and deceptive trade practices. Plaintiff seeks to enjoin Defendant from further infringement and to recover damages. Defendant Sulit seeks to dismiss these claims for failure to state a claim upon which relief can be granted, lack of personal jurisdiction, lack of subject matter jurisdiction, and improper venue.  In the alternative, Defendant moves to transfer venue pursuant to 28 U.S.C. § 1404(a).

The court will first address Defendant's 12(b)(6) motion.  A motion to dismiss for failure to state a claim upon which relief may be granted should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.  Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir 2004).  A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.), cert. denied, 540 U.S. 940 (2003).

To assert a claim for copyright infringement, the Plaintiff must allege two essential elements: 1) ownership of a valid copyright and 2) copying of original elements of the copyrighted work.  Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991). Here, the Plaintiff has alleged that it owns a valid copyright and that Defendant unlawfully copied Plaintiff's copyrighted material.  Taking Plaintiff's allegations as true, as it

2

must do, the court finds that Plaintiff has stated a claim for copyright infringement. Since Defendant does not argue his 12(b)(6) motion with regard to Plaintiff's other two claims, the court will not address these.

Defendant also asserts that the court lacks subject matter jurisdiction because the amount in controversy could not reach $75,000. Since this is an action for copyright infringement, however, the jurisdiction of this court is not dependent upon the requisite $75,000 amount in controversy applicable to diversity jurisdiction. Although Plaintiff asserts jurisdiction is based upon both federal question and diversity of citizenship, the fact that federal question jurisdiction is present obviates the need for the court to address whether there is more than $75,000 in damages. The court notes that Plaintiff's response brief utterly failed to address this fact, but merely stated (incorrectly) that "[i]t is sufficient that Plaintiff allege the damages in its complaint."

Defendant's next argument is that the court lacks personal jurisdiction over him, as he is a resident of California. However, Plaintiff alleges in its Complaint that Defendant worked for the Plaintiff for approximately two months in its Charlotte, North Carolina office, and stole the software code and GUI at issue from Plaintiff's Charlotte office. The North Carolina Long Arm Statute authorizes personal jurisdiction over a defendant "[i]n any action claiming injury to person or property . . . within or without this State arising out of an act or omission within this State by the defendant." N.C.Gen.Stat. §1-75.4. The court finds that exercising personal jurisdiction over a defendant who allegedly committed an intentional tort in this state likewise comports with due process.

Defendant also moves to dismiss on the basis of improper venue. An action such as the

one herein, where jurisdiction is not based solely on diversity, may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Plaintiff's claims all arise from Defendant's alleged theft of software code and GUI while in Charlotte, North Carolina. Therefore, the court finds that venue is proper in this district. Defendant argues that 28 U.S.C. § 1400 compels that the action be brought in the state where he resides. Contrary to Defendant's argument, 28 U.S.C. §1400 does not compel that the action be brought in California, but rather states that a copyright action *may* be brought in the district in which the defendant is found. Plaintiff elected to bring the action here, although it could have brought the action in California, where the Defendant resides.

Finally, Defendant moves in the alternative for a transfer of venue pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." As the court has already noted, this copyright infringement action could have properly been brought in California. As Defendant resides in California, he is clearly subject to personal jurisdiction there. In evaluating a motion to transfer venue, courts consider numerous factors relevant to "convenience" and "justice." These factors include:

> (1) The plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the

action; and (11) avoidance of unnecessary problems with conflicts of laws. Republic Mortgage Insur. Co. v. Brightware, Inc., 35 F. Supp.2d 482, 485 (M.D.N.C.1999). The party seeking a transfer has the burden of persuasion and must show (1) "more than a bare balance of convenience in his favor;" and (2) "that a transfer does more than merely shift the inconvenience." *DMP Corp. v. Frehauf Corp.*, 617 F. Supp. 76, 77 (W.D.N.C. 1985). If a transfer of venue would merely shift the inconvenience from the defendant to the plaintiff, or if the equities lean but slightly in favor of the movant, the motion will not be granted. Id. at 95.

Throughout the short life of this lawsuit, the *pro se* Defendant has on numerous occasions argued and provided affidavits and other evidence that his health is very poor, and that he is on the verge of bankruptcy. In his motion, he again argues that he cannot afford to travel to North Carolina to defend this lawsuit and that his health problems are ongoing. Moreover, Defendant has filed an affidavit in which he states that he intends to call over twenty key witnesses in his defense and for purposes of his counterclaims, has "over 2000 pages of evidence and original software code on over seven computer servers located only in California," and that "[h]aving to defend this case in North Carolina represents a severe and unconscionable economic hardship on me, and a health risk, since I am still undergoing recovery and treatments for serious medical conditions. . ." (Defendant's Affidavit, ¶¶ 4-6). In his briefs, he specifically lists the names of these witnesses he claims are in California and the general subject matter of their testimony. Instead of specifically addressing Defendant's arguments and addressing the above factors that the court considers in deciding whether to transfer a case, the Plaintiff summarily states in its brief that Defendant's witnesses and proposed evidence are "totally irrelevant to the case at bar," because they cannot testify as to Defendant's alleged theft of Plaintiff's property. Plaintiff fails

to enlighten the court as to how these witnesses and this evidence is irrelevant to Defendant's defenses or possible counterclaims. In fact, the Plaintiff has wholeheartedly brushed aside Defendant's 1404(a) arguments as "irrelevant."

While the Plaintiff's initial choice of forum is to be given great weight in a 1404(a) analysis, it is not the determining factor. The court finds that Defendant has presented evidence that factors (2), (3), (6) and (7) weight heavily in his favor. As noted, the Plaintiff has failed to substantively respond. Factors (4), (5) and (11) appear to be inapplicable based upon the small amount of information with which the court has been presented. Factors (9) and (10) may weigh slightly in favor of the Plaintiff, although, again, the Plaintiff has not made such an argument. Factor (8) appears to be neutral, as the median time from filing to trial or disposition for civil cases in 2005 appeared to be about the same for the Western District of North Carolina versus the Northern District of California based upon information contained in Federal Court Management Statistics. Weighing the relevant factors, and the evidence that is before it, the court finds that the factors tip in favor of transfer to the Northern District of California. This is not a case of mere shifting of the inconveniences. Defendant has presented evidence that he will essentially be denied his day in court if the case remains in North Carolina. The Plaintiff has not contradicted this evidence in any substantive way. Accordingly, Defendant has met his burden of persuasion.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby DENIED, and his alternative motion to transfer venue to the Northern District of California pursuant to 28 U.S.C. §1404(a) is hereby GRANTED. Defendant is directed to file an Answer within thirty days.

Signed: May 16, 2006

*Graham C. Mullen*
Graham C. Mullen
United States District Judge